IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Gregory P. Bartunek,<br><br>      Plaintiff,<br><br>vs.<br><br>eFrame, LLC,<br><br>      Defendant. | 8:16-CV-69<br><br>ORDER |

  This matter is before the Court on the plaintiff's motion to reconsider (filing 56) the Court's Memorandum and Order of October 6, 2016 (filing 55) granting Marco Technologies, LLC's motion for summary judgment (filing 23). The plaintiff's motion will be denied.

  The plaintiff's first argument is that the Court should have permitted him to introduce new evidence approximately 75 days after Marco's motion for summary judgment was submitted to the Court. Filing 56 at 1-2. The Court rejected that evidence, finding that the plaintiff had made no showing that his untimely filing was the result of excusable neglect. Filing 55 at 2-3.

  The plaintiff contends that there was excusable neglect, which he defines as "conduct that might have been the act of a reasonably prudent person under the same circumstances." Filing 56 at 1. He cites no authority for that proposition, and for good reason: it is not the law. Excusable neglect is an elastic concept that empowers courts to accept, where appropriate, late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010). But not all neglect is "excusable," and whether neglect is excusable in a particular case is at bottom an equitable one, taking account of all relevant circumstances surrounding the omission. *Id*. But simply failing to meet a deadline because of a busy schedule does not constitute excusable neglect. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010). Nor does a showing of inability or refusal to read and comprehend the plain language of the federal rules. *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005).

  And in this case, the plaintiff has offered no explanation, initially or upon asking for reconsideration, for why his evidence was submitted so long after Marco's motion was ripe. Without an explanation, the Court has no

basis to find excusable neglect. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990).

The plaintiff's remaining argument is that the Court erred in granting Marco's motion for summary judgment. Filing 56 at 2-3. The Court found, after a detailed analysis of Marco's purchase of eFrame's assets, that Marco is not subject to successor liability. Filing 55 at 8-12. The plaintiff offers nothing to change that conclusion. First, his argument rests on evidence that, as explained above, was not properly offered. Second, even if considered, the plaintiff's evidence is unpersuasive: an ambiguous LinkedIn press release is not enough to support a finding of successor liability when the unambiguous facts of the asset purchase agreement militate so strongly against it. *See* filing 55 at 10-11. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to preclude summary judgment; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). There is no such evidence here.

IT IS ORDERED that the plaintiff's motion to reconsider (filing 56) is denied.

Dated this 8th day of November, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -